Vasu Vijayraghavan
SBN #310372
1968 S. Coast Highway #169
Laguna Beach CA 92651
619-517-4563
vvijay081@gmail.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

JONATHAN SCHMIDT,

Plaintiff

VS

CITY OF PASADENA; AND DOES 1 THROUGH 100;

Defendants

**No:**

**COMPLAINT FOR VIOLATIONS**

1) **CALIFORNIA CIVIL CODE §43**
2) **CALIFORNIA UNRUH CIVIL RIGHTS ACT**
3) **ARTICLE 1, SECTION 1 OF THE CALIFORNIA CONSTITUTION**
4) **CALIFORNIA FAIR HOUSING AND EMPLOYMENT ACT**
5) **ATTEMPTED BATTERY**
6) **ATTEMPTED ASSAULT**
7) **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
8) **42 USC 1983 (SUBSTANTIVE DUE PROCESS)**
9) **EQUAL PROTECTION UNDER CALIFORNIA CONSTITUTION ARTICLE I SECTION 7**
10) **EQUAL PROTECTION CLAUSE (FOURTEENTH AMENDMENT OF THE US CONSTITUTION)**
11) **FIRST AMENDMENT OF THE US CONSTITUTION (ESTABLISHMENT CLAUSE)**
12) **21 USC § 360 ET SEQ.**
13) **VIOLATION OF RIGHT OF INFORMED CONSENT (COMMON LAW); NUREMBERG CODE**
14) **BREACH OF FIDUCIARY DUTY OF EMPLOYERS TO EMPLOYEES**
15) **DEFAMATION PER SE UNDER CALIFORNIA CIVIL CODE §44 et seq.**
16) **EXTORTION**
17) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
18) **INJUNCTIVE RELIEF**
19) **DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

COMES NOW PLAINTIFF JONATHAN SCHMIDT, by and through his Attorney and by way of Complaint against Defendants, states the following:

## I. PRELIMINARY STATEMENT

1. Jonathan Schmidt is an employee of the Police department of the city of Pasadena as a forensic specialist.
2. Jonathan Schmidt is an evangelical Christian.
3. Defendant City of Pasadena is situated in Los Angeles county and is the employer of Jonathan Schmidt.
4. The City of Pasadena cannot claim immunity from any Federal claim herein. (*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).
5. With respect to the violations under California law and the California constitution, Plaintiff alleges that the City of Pasadena was operating in its ministerial capacity in the application of the vaccine mandates and was therefore not immune. (*Barner v. Leeds* (2000) 24 Cal.4th 676, 685).

## II. JURISDICTION AND VENUE

6. Jurisdiction of this court is appropriate and arises pursuant to 42 USC §1983, Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, the First and Fourteenth Amendment of the US Constitution and 28 USC § 1367 for supplemental state claims.
7. Because Defendant is a city located in Los Angeles County of the state of California,

personal jurisdiction is established over Defendant.

8. Venue is proper pursuant to 28 USC §1391.

## III. PARTIES

9. Plaintiff Jonathan Schmidt is a natural person and resides in Pasadena, Ca, a forensic specialist and employee of the Police department of the city of Pasadena.

10. At all times relevant to this complaint, Defendant City of Pasadena ("City") is located in California (Los Angeles County).

## IV. FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference herein allegations 1 through 10.

12. On or around August 5, 2021, City issued a "vaccine" mandate to all of its employees (Exhibit 1 attached). In that "mandate", the city of Pasadena declared that all city employees had to be fully vaccinated by September 17, 2021. It was to be assumed that the "vaccine" to be partaken was to be one of the four Covid-19 "vaccines" which purportedly immunize by the creation of dangerous spike proteins in the body (see attached Exhibits containing various relevant articles related to the "vaccine", the "PCR" Covid-19 test, as well as the status of "vaccinated" individuals with respect to being super-spreaders themselves of the Covid-19 virus.

13. Plaintiff thereby submitted a request for religious exemption, on or around September 28, 2021.

14. In the religious exemption letter (Exhibit 2 attached), Plaintiff described his repugnance to get "vaccinated", consistent with his religious beliefs as a Christian. This letter also explained that as a Christian, Plaintiff could not tolerate any gene manipulation of his body to create the pathogenic "spike protein", which is a vector of harm to the vaccinee. Numerous studies have shown that, including recently, the prestigious journal *Lancet*, (see articles attached),

15. Furthermore, by the time of the initiation of the "mandate", which Plaintiff deems

unconstitutional and illegal in itself, deaths from Covid-19 had dropped to close to zero. (Exhibit 3 attached) rendering any "emergency use authorization" of a "vaccine" mandate next to useless and totally unnecessary.

16. In the event, Plaintiff applied for his religious exemption; unlike many of his colleagues, he was approved for exemption from the "vaccine" itself, but was forced, as a condition of returning to work, to undergo futile and possibly dangerous and invasive "Covid-19" tests. It should be remarked that none of Mr. Schmidt's "vaccinated" co-workers were subject to the same humiliation and indignity of getting dubious and ineffective "tests", which by the CDC's own admission had a high rate of false positives. (See articles in the article Exhibit attached).

17. In the email sent to Plaintiff, dated October 1, 2021 (Exhibit 4 attached), the HR director, Jennifer Curtis emphasized that Mr. Schmidt should wear a face mask "in order to protect the health and safety of the community", implying that Mr. Schmidt had a disease that the "community" needed protecting from, without any evidence.

18. It is to be presumed that the "vaccinated", super-spreaders of Covid 19, according to the literature, did not receive such an email nor such a demand to wear masks or undergo tests, while, in fact, "breakthrough" cases are on the rise *amongst the fully vaccinated. (*See articles about such cases in the Exhibit of articles).

19. In fact, Mr. Schmidt, unvaccinated as he was, would provide a needed "buffer" against any spread of Covid-19 (as has been written by specialists such as Geert van den Bossche and others-see exhibit of articles). Mr. Schmidt, relying purely on his extremely strong "natural" immunity, would conquer the virus for himself and thereby stop the creation of new mutants, which the "vaccinated" tend to do, by the existing science on this.

20. Plaintiff was put on "unpaid administrative leave, in which state he is in to this very day, without any further explanation, or notice as to why he was put on such leave, nor ability to contest this discipline, which was presumably imposed on him because he contested the mandate, mask and testing requirements.

21. Plaintiff has signaled his willingness to return to work if he would submit to the "saliva" test *alone*, not the intrusive and ineffective "PCR" test; he has also signified his willingness to return to work wearing a mask. However Plaintiff notes that these conditions were not imposed on his "vaccinated" colleagues.

22. Plaintiff anticipates that submitting to onerous and useless tests, over an indefinite period of time is a violation of his civil rights, will cause him considerable stress, reduce his productivity, not to speak of creating a poisonous work situation with respect to his colleagues.

## V. CAUSES OF ACTION

### COUNT 1

### VIOLATION OF CALIFORNIA CIVIL CODE §43

23. Plaintiff incorporates herein allegations 1 through 22.

24. Under the California Civil Code cited above, it is stated that "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations.

25. Plaintiff alleges that, although, he was granted his religious exemption based on his sincerely held religious beliefs, the pre-condition for him to return to work is to subject himself to bodily harm, by having to submit to weekly tests.

26. These tests, as noted above, have no efficacy in testing for the original Covid-19 virus, let alone the new variants.

27. Plaintiff alleges that by attempting to impose the "vaccine" on him, Defendant violated California Civil Code §43, since by trying to get Plaintiff to get the "vaccine", by threat of

losing his job, they subjected Plaintiff to bodily harm.

28. Defendant similarly will be subjecting Plaintiff to bodily harm by subjecting him to tests every week, with no basis in science, data, or under any purported "emergency".

**COUNT 2**

**VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT**

29. Plaintiff incorporates by reference herein allegations 1 through 28.

30. California Civil Code §51 et seq. states, in relevant part, that

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

31. Plaintiff alleges that he was discriminated against because of his medical condition, namely being "unvaccinated", and was not awarded "full and equal" accommodations.

32. Plaintiff alleges that Defendant, by forcing him to undergo invasive Covid-19 tests (not required by his vaccinated colleagues) has violated the California Unruh Civil Rights Act.

**COUNT 3**

**VIOLATION OF ARTICLE 1, SECTION 1 OF THE CALIFORNIA CONSTITUTION**

33. Plaintiff incorporates by reference herein allegations 1 through 32.

34. Article 1, section 1 of the California Constitution states:

All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

35. Plaintiff alleges that Defendant, by insisting that Plaintiff get injected with a "vaccine" with unknown contents, without providing any option to Plaintiff NOT to take the

vaccine, upon penalty of losing his job, tried to coerce Plaintiff into taking an experimental, if not dangerous injection, thereby violating Plaintiff's privacy, and right to pursue happiness.

36. For Plaintiff, working at his job is one of the important aspects of his "happiness" and leading a fulfilled life (as well as financially necessary for Plaintiff).

37. Defendant, by forcing an unconstitutional mandate on Plaintiff, violated the first article of the first section of the California constitution, depriving Plaintiff of BOTH his privacy and his "right to pursue happiness".

**COUNT 4**

**VIOLATION OF CALIFORNIA FAIR HOUSING AND EMPLOYMENT ACT**

38. Plaintiff incorporates by reference herein allegations 1 through 37.

39. California's Fair Housing and Employment Act (California Government Code Section §12900 et seq.) states that it is illegal

For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

40. In the present case, Plaintiff alleges that Defendant is discriminating against him because of his "unvaccinated" status, a medical condition, forcing him to accept onerous and unnecessary tests and masking policies-policies that it does not require of any of his "vaccinated" colleagues.

**COUNT 5**

**ATTEMPED BATTERY**

41. Plaintiff incorporates by reference herein allegations 1 though 40.

42. Plaintiff alleges that, by imposing a "vaccine" onto Plaintiff, without any necessity for such a "vaccine" and by forcing Plaintiff to choose between said "vaccine" and employment, Defendant attempted battery onto Plaintiff.

43. Plaintiff alleges that the same holds true for imposing a mask and any test onto Plaintiff, since both of those are a violation of Plaintiff's bodily integrity.

44. "Battery" is the "an unlawful application of force to the victim which results in an unwanted touching"

45. In the present case, the imposition of an unwanted "vaccine" which violates the physical integrity of Plaintiff is consistent with battery. Plaintiff remarks that the mandate is unlawful, and attempted on Plaintiff.

46. Plaintiff notes that the Supreme Court has opined in *Union Pac. Ry Co. v Botsford (*US 20 1891),

"No right is held more sacred or is more carefully guarded by the common law than the right of every individual to the possession and control of his own person, free from all restraint and interference of others"

47. Plaintiff alleges that, by imposing a "vaccine" onto Plaintiff, as well as mask and testing, Defendant has violated the rights of Plaintiff to the control of his own person and has thereby attempted battery onto Plaintiff.

**COUNT 6**

**ATTEMPTED ASSAULT**

48. Plaintiff incorporates by reference herein allegations 1 through 47.

49. Plaintiff notes that, by imposing the "vaccine" mandate on Plaintiff, Defendant attempted "assault" on Plaintiff, which consists of a "battery" apprehended by the victim" in common law.

50. Plaintiff notes that the "vaccine" mandate is wholly unconstitutional, illegal, attempted on Plaintiff with the intent to commit an unwanted touching and violation of Plaintiff's

bodily integrity. The same holds true for the masks and tests imposed on Plaintiff as a condition of his return to work.

**COUNT 7**

**VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964**

51. Plaintiff incorporates by reference herein allegations 1 through 50.

52. Title VII of Civil Rights Act of 1964 states in relevant part (42 USC 2000(e) (2) (a) that it shall be unlawful

to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

53. Plaintiff alleges that Defendant, by segregating Plaintiff, based on his "unvaccinated" statis, depriving him of his status and ability to do his job, has violated Title VII of the Civil Rights Act of 1964.

54. In particular, 29 CFR §1605.(2) states that "reasonable accommodation" without undue hardship of an employee's religious practices is REQUIRED by Title VII of the Civil Rights Act of 1964.

55. Plaintiff argues that allowing Plaintiff to perform his duties as an "unvaccinated" person, without test, mask or "vaccine" does not create an undue hardship on Defendant since, as mentioned above, Plaintiff will self-isolate and rely on his NATURAL immune system to defeat the virus if he does get infected. Tests are not necessary and studies have proven masks are ineffective (see attached Exhibits for articles); however Plaintiff in good faith will wear a mask when with his colleagues but he will not subject himself to unnecessary, humiliating, discriminatory and totally ineffective tests.

56. Plaintiff argues that there is a greater risk his "vaccinated" colleagues will transfer the virus to him, since they have greater viral loads; however Plaintiff is willing to undergo this risk. Plaintiff therefore argues that accommodating the reasonable religious

requirements of Plaintiff do not impose undue hardship on Defendant and should be accommodated. Not doing so would constitute a violation of Title VII.

**COUNT 8**

**VIOLATION OF 42 USC 1983 (SUBSTANTIVE DUE PROCESS)**

57. Plaintiff incorporates by reference herein allegations 1 though 56.

58. 42 USC §1983 states in relevant part,

"Every person who under color of any statute, ordinance, regulation custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

59. Plaintiff alleges that Defendant violated Plaintiff's substantive due process rights to his *protected property interest in his job as a city employee.*

60. Plaintiff alleges that Defendant, by imposing the "vaccine" mandate, and threatening Plaintiff with his protected property interest in his job, violated Plaintiff's substantive due process rights, he was deprived of his rights under the Constitution by state actors (Defendant) and that this was done *clothed with the authority of state law in promoting a "mandate" that Defendant had no right to mandate under their role as the city of Pasadena.*

**COUNT 9**

**VIOLATION OF EQUAL PROTECTION UNDER THE CALIFORNIA CONSTITUTION (ARTICLE 1 SECTION 7)**

61. Plaintiff incorporates by reference herein allegations 1 through 60.

62. Plaintiff alleges that he was deprived of Equal Protection Clause under the California Constitution, which states,

A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws

63. Plaintiff alleges that he was deprived of his protected property interest in his job, *including his salary,* without any notice or right to be heard.

64. Plaintiff was summarily put on "unpaid administrative leave" without any ability to get a hearing, or to be heard. Plaintiff was not informed about the reasons for being put into such a status.

65. Plaintiff was also deprived of his protected property interest in his job by the imposition of an illegal and unconstitutional "vaccine" mandate, where Defendant was operating *outside* of the scope of its duties as the City of Pasadena.

66. The above acts occurred to Plaintiff without prior notice-this included the "vaccine mandate" itself, as well as the subsequent imposition of "unpaid administrative leave". None of these acts were done with prior notice and opportunity to be heard.

67. Plaintiff had no right to argue if he had "natural immunity" to Covid-19 or to provide any other defenses he could have gotten against the "mandate", mask requirement and testing.

**COUNT 10**

**VIOLATION OF PROCEDURAL DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE US CONSTITUTION**

68. Plaintiff incorporates by reference herein allegations 1 through 67.

69. Plaintiff also alleges that he was deprived of procedural due process under the Fourteenth Amendment of the US Constitution (Equal Protection Clause) which guarantees that "people with similar situations shall be treated "similarly".

70. In the present case, Plaintiff alleges that Defendant, by forcing Plaintiff to submit to oppressive and onerous "tests" and "masks", while not requiring the same of his "vaccinate" colleagues has violated the Equal Protection Clause by treating "similarly"

situated persons (the "vaccinated" and "unvaccinated" ) DISsimilarly.

71. Plaintiff alleges that Defendant has not provided any basis for committing such acts and is therefore violating the Equal Protection Clause. Both "vaccinated" and "unvaccinated" are similarly situated individuals with respect to their work capacities. If Plaintiff is forced to wear a mask and undergo tests, so should the "vaccinated", since Defendant has not provided a shred of evidence that the two categories of individuals are in dissimilar positions.

**COUNT 11**

**VIOLATION OF ESTABLISHMENT CLAUSE**

72. Plaintiff incorporates by reference herein allegations 1 through 71.

73. Plaintiff alleges that Defendant violated the Establishment Clause by promulgating (or attempting to promulgate) a "vaccine" mandate which fundamentally violates the rights of Christians such as Plaintiff. (*School Dist. of Abington v. Schempp* (1963) 374 U.S. 203, 225).

74. As Plaintiff mentions in his religious exemption letter (attached), the mandate violates his fundamental and sincerely held beliefs as a Christian.

75. Plaintiff alleges that Defendant, even though it created a "religious exemption" had no right to impose the "vaccine" mandate in the first place; by doing so it was hostile to religious people of all religions, and especially Christians. Defendant showed itself "hostile" to religious believers such as Plaintiff.

**COUNT 12**

**VIOLATION OF 21 USC §360**

76. Plaintiff incorporates by reference herein allegations 1 through 75.

77. Federal law under 21 USC §360 (bbb-3(e ) (1)(A)(ii)(iii) governs EUA (Emergence Use Authorization) and states in relevant part

"Appropriate conditions designed to ensure that individuals to whom the product is administered must be informed of (iii) the option to accept or refuse the administration of the

product"

78. Plaintiff alleges that in the "vaccine" mandate letter, Defendant did NOT provide Plaintiff the option of refusing the "vaccine" (which is still under EUA).

**COUNT 13**

**VIOLATION OF RIGHT OF INFORMED CONSENT**

79. **Plaintiff incorporates by reference herein allegations 1 through 78.**

80. **Plaintiff alleges that, based on** *Schloendorff v Society of New York Hospitals,* 105 N.E. 92, 93, (NY 914),

*Every human being of adult years and sound mind has a right to determine what shall be done with his own body*

81. Plaintiff alleges that Defendant, by insisting that Plaintiff intake a "vaccine" of unknown origin, without explaining what was in the "vaccine" and the reasons he should take it, violated Plaintiff's common law right of "informed consent".

82. Similarly, the Nuremberg Code, (binding on the United States), also prohibits

***The intervention of any element of force, fraud, deceit, duress, over-reaching, or other ulterior form of constraint or coercion…"***

83. In the present case, Plaintiff alleges that Defendant violated Plaintiff's right of informed consent, and by forcing Plaintiff to choose between his job and the vaccine (or mask and test) violated Plaintiff's rights of informed consent.

**COUNT 14**

**BREACH OF FIDUCIARY DUTY OF EMPLOYER TO EMPLOYEE**

84. Plaintiff incorporates by reference herein allegations 1 though 83.

85. Plaintiff alleges that, by imposing a "vaccine", with unknown consequences on Plaintiff's long-term (and short-term) health, as a condition of employment, Defendant breached the fiduciary duty of an employer to his employee.

86. In particular, Article 2.07(c) and 3.05 (c) of the Restatement of Employment Law treats

the fiduciary obligation of an employer to his( her) employee as not just contractual, but a relational one; this could (and must) include the health of the employee.

87. Plaintiff alleges that Defendant violated this fiduciary obligation by imposing a possibly dangerous injection onto Plaintiff without revealing anything about its contents.

**COUNT 15**

**DEFAMATION PER SE (UNDER CALIFORNIA CIVIL CODE §44 et seq).**

88. Plaintiff incorporates by reference herein allegations 1 though 87.

89. Plaintiff alleges that Defendant, by implying that Plaintiff had a "health condition" in its letter to Plaintiff defamed Plaintiff, *per se*.

90. Plaintiff was also defamed by Defendant's requirement that Plaintiff take a test weekly when Defendant had no basis for assuming that Plaintiff had the virus.

91. Defendant just assumed that because Plaintiff was "unvaccinated" that he carried the virus. Plaintiff alleges that this is a classic case of defamation per se.

92. Defamation per se, under the common law is libel or slander which alleges that the Plaintiff either a) has committed a criminal offense, b) carries a loathsome disease, c) disparages Plaintiff in his trade or profession or d) has committed serious sexual misconduct. (Restatement Second of Torts, §570-74).

93. IN the present case, Defendants, by alleging that Plaintiff may carry the SARS Cov-2 virus (hence the need for frequent tests) have met the basis for at least two elements of defamation per se.

**COUNT 16**

**EXTORTION**

94. Plaintiff incorporates by reference herein allegations 1 through 93.

95. Plaintiff alleges that Defendant has extorted Plaintiff since they have imposed getting a dangerous, unnecessary and ineffective "vaccine", violating Plaintiff's bodily integrity, a *sine qua non* for Plaintiff to keep his job.

96. The tort of extortion is the tort of obtaining something through threats and coercion.

97. Forcing Plaintiff to choose between his "job or the jab" is nothing other than extortion.

98. The Nuremberg code, as stated above, also forbids using extortion or threats to impose a medical practice on an individual.

99. If Defendant was so sure about the benefits of this "vaccine", they would not need to resort to threats of loss of job to induce people to accept the "vaccine". Plaintiff would have accepted this "vaccine", if it truly was a "vaccine", like any other medication, in consultation with his doctor.

100. Defendant is not in the business of interfering in this sacred relationship between doctor and patient; hence they had to resort to threats to achieve their objectives.

**COUNT 17**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

101. Plaintiff incorporates by reference herein allegations 1 through 100.

102. Plaintiff alleges that Defendant intentionally inflicted emotional distress on Plaintiff by threatening job loss, and subsequently putting him on unpaid administrative leave.

103. Plaintiff is a single father who has had to go through sleepless nights, considerable anxiety and a high degree of stress by having to choose between his health and his job.

104. Defendants have thereby imposed considerable emotional distress on Plaintiff.

**COUNT 18**

**INJUNCTIVE RELIEF**

105. Plaintiff incorporates by reference herein allegations 1 though 104.

106. Plaintiff requests the court to grant him injunctive relief against the unconstitutional "vaccine" mandate, testing and masking requirements.

107. Plaintiff requests the court to enjoin Defendant from imposing "unpaid administrative leave" on him, and that he be returned to his full capacities in his work WITHOUT any testing (or mask) requirements.

## COUNT 19

## DECLARATORY RELIEF

108. Plaintiff incorporates by reference herein allegations 1 through 107.

109. Plaintiff also requests the court to provide declaratory relief to Plaintiff regarding his rights to be free from any mask, "vaccine" or testing mandate **without reserve and in an unlimited capacity, without restrictions of any sort, whether by time or condition.**

110. Plaintiff is concerned that Defendant, although enjoined from imposing any mask, vaccine, or testing mandate, may reimpose such at a future time.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff requests the court**

**a) To provide him monetary damages, at a minimum of $2,000,000 due to the hardship and discrimination he was subject to.**

**b) To award Plaintiff appropriate costs and reasonable attorney's fees incurred under this lawsuit.**

**c) To grant him statutory fees under the California Unruh Act.**

**d) To grant him presumed damages due to the defamation per se by Defendant.**

**e) To provide punitive damages to Plaintiff consistent with Defendant's extortionary acts.**

**f) To enjoin Defendant from discriminating against Plaintiff when he returns to work, to enjoin Defendant from putting Plaintiff under unpaid administrative leave.**

**g) Grant a TRO against Defendant until the court can decide the merits of this case, enjoining Defendant from continuing Plaintiff under unpaid administrative leave and ordering Defendant to reinstate Plaintiff immediately to his full capacities at work without testing, mask or vaccine requirements.**

**h) Provide declaratory relief to Plaintiff as requested above.**

**i) Provide any other such relief as the court may deem just and proper.**

## DEMAND FOR JURY TRIAL

**Please take note that Plaintiff hereby demands a jury trial.**

Respectfully submitted

Dated

11/7/2021

Vasu Vijayraghavan

Plaintiff's attorney